John J. NAPOLITANO, Plaintiff–
Appellant,

v.

Robert SALTZMAN, State of New York
Grievance Committee, New York
State Appellate Division Second De-
partment, Defendants–Appellees.

No. 05–5632–cv.

United States Court of Appeals,
Second Circuit.

March 17, 2009.

John J. Napolitano, Oyster Bay, NY, for
Plaintiff–Appellant.

David Lawrence III, Assistant Solicitor
General (Barbara D. Underwood, Solicitor
General, Michael S. Belohlavek, Senior
Counsel Division of Appeals & Opinions, of
counsel) for Andrew M. Cuomo, Attorney
General of the State of New York, New
York, NY, for Defendants–Appellees.

PRESENT: Hon. SONIA
SOTOMAYOR, Hon. B.D. PARKER,
Circuit Judges, Hon. DENNY CHIN,*
District Judge.

### SUMMARY ORDER

Plaintiff–Appellant John J. Napolitano,
an attorney proceeding *pro se,* appeals
from the September 30, 2005 judgment of
the United States District Court for the
Eastern District of New York (Feuerstein,
J.) *sua sponte* dismissing his complaint.

We assume the parties' familiarity with the
underlying facts and procedural history of
the case, as well as with the issues pre-
sented on appeal.

We affirm the district court's holding
that the Eleventh Amendment bars Napol-
itano's claims for damages against the
New York State Appellate Division, the
Grievance Committee, and Saltzman in his
official capacity. *See Dube v. State Univ.
of N. Y.,* 900 F.2d 587, 594–95 (2d Cir.
1990).

We disagree with Napolitano's conten-
tion on appeal that because Appellees act-
ed in "clear absence of all jurisdiction,"
they are not entitled to absolute immunity.
That argument would apply only to per-
sonal-capacity suits; it is irrelevant with
respect to the claims against the New
York State Appellate Division, the Griev-
ance Committee, and Saltzman in his offi-
cial capacity, all of which enjoy sovereign
immunity under the Eleventh Amendment.
*Cf. Kentucky v. Graham,* 473 U.S. 159,
166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114
(1985) (distinguishing official-from person-
al-capacity suits, and noting that "[t]he
only immunities that can be claimed in an
official-capacity action are forms of sover-
eign immunity that the entity, *qua* entity,
may possess, such as the Eleventh
Amendment"); *Almonte v. City of Long
Beach,* 478 F.3d 100, 106 (2d Cir.2007)
("Immunity, either absolute or qualified, is
a *personal* defense that is available only
when officials are sued in their individual
capacities[.]"). To the extent, if any, Na-
politano brought claims against Saltzman
in his personal capacity, that argument
also fails. Saltzman enjoys absolute im-
munity for his actions as counsel to the
Grievance Committee, which are "quasi-

* The Honorable Denny Chin, United States Dis-
trict Court for the Southern District of New

York, sitting by designation.

public adjudicatory [or] prosecutorial" in nature. *Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 58 (2d Cir.1996) (noting that "courts of appeals have extended absolute immunity to such private actors as ... members of bar association disciplinary committees" (citations omitted)). In receiving the complaints about Napolitano, investigating them, and making recommendations to the Appellate Division, Saltzman was clearly acting within the scope of his jurisdiction. The allegation that he may have violated procedural or ethical rules is irrelevant, as it is the nature of the act and not the impropriety of the act that matters. *See Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir.2005).

For the foregoing reasons, we AFFIRM the judgment of the district court.