08-4586-cv
McKeown v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Kevin McKeown,
> *Plaintiff-Counter-Claimant-Appellant*,

v.                                                                      No. 08-4586-cv


The N.Y. State Commission on Judicial Conduct, The N.Y.S. 1st Dept. Departmental Disciplinary Committee, Gary L. Casella, Francis A. Nicolai, Anthony Scarpino, Robert A. Korren, Jeffrey A. McNamara, Patricia Bave-Planell, Giulini & Giulini, Esqs., Charles A. Giulini, Christine Giulini, Catherine M. Miklitsch, Michael D. McQuade,
> *Defendants-Appellees*,

The State of New York, The Office of Court Administration of the Unified Court System, Thomas J. Cahill, Sherry Cohen, Nancy J. Barry, Joseph Accetta, Robert M. DiBella, McQuade & McQuade, Esqs., Joseph F. McQuade, John Does 1-20, Jane Does 1-20,
> *Defendants-Counter-Defendants-Appellees.*

_____

Kevin McKeown, *pro se*, New York, NY, *for Plaintiff -Appellant*.

Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel; Patrick J. Walsh, Assistant Solicitor General; New York, NY, *for the New York State Defendants*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kevin McKeown, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the case of a *pro se* complaint, a court must construe the complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss it without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (internal quotation mark omitted) .

Under the Eleventh Amendment, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In this case, Appellant seeks relief against, among others, New York State, the Office of Court Administration of the Unified Court System of New York ("OCA"), the Departmental Disciplinary Committee of the New York Appellate Division, First Department ("DDC"), the New York State Grievance Committee, Ninth Judicial District ("SGC"), and the New York State Commission on Judicial Conduct ("SCJC"), based on the decisions of the latter three to dismiss his complaints. However, because he has offered no evidence that the State has consented to be subject to suit in this context, or that the State's immunity from suit has been otherwise abrogated, the claims against the State are barred by the Eleventh Amendment. The district court also correctly found that the OCA, DDC, SGC, and SCJC are arms of the State of New York. *See* N.Y. Const. art. 6, § 1 (creating the unified court system); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (noting that "arm[s] of the State" are immunized from suit (internal quotation marks omitted)). Accordingly, the district court properly dismissed Appellant's claims against the State, OCA, DDC, SGC, and SCJC.

With respect to Appellant's argument that *Ex parte Young*, 209 U.S. 123 (1908), permits his suit, the district court properly noted that a state official acting in his or her official capacity may be sued only for prospective injunctive relief from ongoing violations of federal law. *See Ex parte Young*, 209 U.S. at 155-56. The Appellant's complaint seeks the appointment of a federal monitor to oversee the day-to-day operations of the DDC and SCJC for an indefinite period of time. To the extent this relief is sought based on the dismissal of the Appellant's attorney grievance complaints

against Joseph McQuade and others, however, there is no ongoing violation of federal law. Although Appellant also alleges ongoing misconduct at the DDC and the other disciplinary entities, moreover, his claim still fails with regard to these allegations because he lacks a cognizable legal interest in the disciplinary proceedings. *See Application of Phillips*, 510 F.2d 126, 126 (2d Cir. 1975) (per curiam).

To the extent that Appellant's complaint effectively asked the district court to review the decisions of the New York courts, the complaint was properly dismissed because lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). We have specifically determined that federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing a claim attacking a state court's decision regarding the discipline of an attorney. *See Zimmerman v. Grievance Comm. of the Fifth Judicial Dist.*, 726 F.2d 85, 86 (2d Cir. 1984) ("The decision in *Feldman* clearly applies to federal district court challenges to attorney disciplinary orders rendered by state courts in judicial proceedings."). Appellant's constitutional claims effectively require review of state court decisions regarding the discipline of McQuade and Frank Streng; therefore, the district court correctly determined that it did not have subject matter jurisdiction over these claims.

It is well settled that "judges generally have absolute immunity from suits for money damages for their judicial actions" and that "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity protects the actor unless he "acted in the clear absence of all jurisdiction." *Tucker v. Outwater*, 118 F.3d

930, 933 (2d Cir. 1997) (internal quotation marks and emphasis omitted). As a general matter, judges are not absolutely immune from suits for prospective injunctive relief. *Mireles v. Waco*, 502 U.S. 9, 10 n.1 (1991) (per curiam). Section 1983 provides, however, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Here, Appellant's claims against Judge Scarpino were properly dismissed because those claims involved Scarpino's performance of his judicial function. Specifically, Appellant alleges that Scarpino failed to report the misconduct of attorneys appearing in probate proceedings before him and was biased in favor of those attorneys during those proceedings – actions and omissions that were clearly taken while Scarpino was acting in his judicial role in the probate proceedings. Accordingly, Appellant's claims for money damages against Scarpino are barred by absolute judicial immunity from suit. To the extent that Appellant seeks injunctive relief against Judge Scarpino, moreover, Appellant does not allege that a declaratory decree was violated or that declaratory relief was unavailable, and so § 1983 relief is not available.

Judicial immunity also extends to "certain others who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)) (internal quotation marks omitted). To determine which persons are covered under quasi-judicial immunity, "the Supreme Court follows a '"functional" approach,' under which '[a]bsolute immunity flows not from rank or title or "location within the Government," but from the nature of the responsibilities of the individual officer.'" *Id.* (alteration in original) (quoting *Cleavinger*, 474 U.S. at 201). Prosecutors, hearing examiners, and law clerks are eligible

5

for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles. *See id.* at 39-40; *see also Anonymous v. Ass'n of the Bar of N.Y.*, 515 F.2d 427, 433 (2d Cir. 1975) (observing that New York State courts regard disciplinary proceedings as "judicial proceeding[s]" and determining that the state bar association's grievance committee acted as a quasi-judicial body and an arm of the Appellate Division). Accordingly, the decisions of the OCA attorneys not to initiate disciplinary proceedings against McQuade and Streng are protected by the doctrine of quasi-judicial immunity, and Appellant's claims against them must fail.

Appellant has abandoned on appeal his § 1983 claims against those of the Defendants-Appellees who are attorneys in private practice, as well as his state law claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in civil appeal filed by *pro se* appellant, that issues not raised in an appellate brief are abandoned). We therefore do not address them.

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk