13-4020
Finn v. Anderson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

PATRICIA FINN,

> *Plaintiff-Appellant*,

> v.                                                    13-4020

GLORIA J. ANDERSON, individually and in her official capacity as Staff Counsel to the Grievance Committee for the Ninth Judicial District,

> *Defendant-Appellee*,

NEW YORK STATE GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,

> *Defendant*.

_____

**FOR PLAINTIFF-APPELLANT:**          PATRICIA FINN, pro se, Piermont, New York.

**FOR DEFENDANT-APPELLEE:**        VALERIA FIGUEREDO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Cecelia C. Chang, Special Counsel, *on the brief*), New York State Office of the Attorney General, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Patricia Finn, an attorney proceeding pro se, appeals from the district court's dismissal of her complaint against Gloria Anderson, staff counsel to the New York State Grievance Committee for the Ninth Judicial District. Finn claims that the district court erred, first, by ruling that Anderson has absolute immunity against Finn's claims that she improperly assisted Finn's former client in reinstating a fee dispute arbitration and, second, by dismissing Finn's claims that Anderson violated her equal protection and substantive due process rights by helping Finn's estranged husband procure pro bono counsel during their divorce proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court decision dismissing a complaint pursuant to Rule 12(b)(6) de novo. Litwin v. Blackstone Group, L.P., 634 F.3d 706, 715 (2d Cir. 2011). We "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." Id. (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants" in construing their pleadings, Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), "*pro se* attorneys typically cannot claim [that] special consideration," Holtz v. Rockefeller & Co., 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted).

Having reviewed the record and relevant case law in this case, we conclude that the district court properly granted Anderson's motion to dismiss on all causes of action.

With regard to Anderson's alleged interference in Finn's fee dispute arbitration, the district court properly concluded that Anderson was entitled to absolute immunity against all claims. Government officials who "perform functions closely associated with the judicial process," including "prosecutors, administrative law judges and hearing examiners," are entitled to absolute immunity for acts taken pursuant to their office. Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (internal quotation marks omitted). This Court has consistently extended such "quasi-judicial" immunity to investigators with attorney grievance committees such as Anderson. See Anonymous v. Ass'n of the Bar of City of New York, 515 F.2d 427, 433 (2d Cir. 1975) (noting that a Grievance Committee "acts as a quasi-judicial body" and thus "is an arm of the Appellate Division"), quoting Wiener v. Weintraub, 22 N.Y.2d 330, 332 (1968); see also, e.g., McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 124 (2d Cir. 2010) ("Prosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles."); Napolitano v. Saltzman, 315 F. App'x 351, 351-52 (2d. Cir. 2009) ("[Defendant] enjoy[ed] absolute immunity for his actions as counsel to the Grievance Committee, which are 'quasi-public

3

adjudicatory [or] prosecutorial in nature.'") (third alteration in original), quoting <u>Barbara v. N.Y. Stock Exch., Inc.</u>, 99 F.3d 49, 58 (2d Cir. 1996).

A defendant entitled to quasi-judicial immunity loses that privilege only if she acts "in the clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). As we have recognized, the scope of a judicial officer's jurisdiction "must be construed broadly" in order to allow her "to exercise [her] functions with independence and without fear of consequences." <u>Gross v. Rell</u>, 585 F.3d 72, 85 (2d Cir. 2009) (internal quotation marks omitted). Mere evidence that an official's action "was in error, was done maliciously, or was in excess of [her] authority" does not undermine her claim to absolute immunity so long as it did not fall clearly outside all official authority. <u>Stump</u>, 435 U.S. at 356 (internal quotation marks omitted).

As the district court noted, Anderson became involved in Finn's fee dispute arbitration while investigating a professional misconduct claim arising out of the same case on behalf of the Grievance Committee. Furthermore, while Anderson was not currently investigating Finn's fee dispute, an attorney's refusal to submit to a proper fee dispute arbitration generally qualifies as attorney misconduct within the Grievance Committee's jurisdiction. We need not decide whether Anderson "exce[eded]" her official authority by advising Finn's former client about reinstating the fee dispute arbitration because, even if she did, the district court correctly concluded that she did not act in the "clear absence of all jurisdiction." <u>See</u> <u>Stump</u>, 435 U.S. at 357 (internal quotation marks omitted).

With regard to Anderson's alleged role in procuring pro bono counsel for Finn's estranged husband, the district court properly found that Finn's complaint fails to state a claim on any of her causes of action. First, Finn claims that Anderson's interference constituted

4

"class-of-one" discrimination in violation of the Equal Protection Clause. "A class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 140 (2d Cir. 2010), quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In order to succeed on such a claim, "plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted). Because Finn fails so much as to identify any similarly situated individuals against whom Anderson's alleged interference in her matrimonial proceedings may be compared, she cannot state an equal protection claim sufficiently plausible to survive a 12(b)(6) motion.

Second, Finn argues that Anderson's interference in her matrimonial proceedings violated her right to substantive due process under the Fifth and Fourteenth Amendments. To state a substantive due process claim, a plaintiff must plead that (1) "a constitutionally cognizable property interest is at stake," and (2) the defendant's alleged actions depriving her of that right were "not merely incorrect or ill-advised," but "arbitrary, conscience-shocking, or oppressive in the constitutional sense." Ferran v. Town of Nassau, 471 F.3d 363, 369-70 (2d. Cir. 2006) (internal quotation marks omitted). Finn's complaint alleged that Anderson violated her substantive due process rights by "influenc[ing] the decision to assign Mr. Johnson and Mr. Cohen, two of the country's most aggressive lawyers, to represent Plaintiff's estranged husband in their matrimonial matter." Compl. 27. Finn argues that this action violated her due process right to marriage and family autonomy, recognized in Supreme Court cases such as Loving v. Virginia, 388 U.S. 1 (1967), Skinner v. Oklahoma, 316 U.S. 535 (1942), and Meyer v. Nebraska,

5

262 U.S. 390 (1923). While the right to marry is a fundamental right, see Zablocki v. Redhail, 434 U.S. 374, 384 (1978), that right does not entail a fundamental right to pursue divorce proceedings unopposed by pro bono counsel.

Finally, Finn alleges that Anderson conspired with a variety of individuals, including Finn's estranged husband and his matrimonial attorneys, to violate Finn's due process rights in violation of 42 U.S.C. § 1985. To bring a claim under § 1985, a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). Because Finn fails to identify any constitutionally cognizable property interests to which her due process rights might attach, she cannot plausibly charge that Anderson participated in a conspiracy to violate those rights.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6