******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# DEBRA COHEN *v.* PATRICIA A. KING
## (AC 40834)

Lavine, Keller and Beach, Js.

*Syllabus*

The plaintiff attorney sought to recover damages from the defendant attorney for defamation and fraud in connection with a grievance complaint the plaintiff had failed against the defendant with the Statewide Grievance Committee. Specifically, she claimed that the defendant published false and defamatory statements and remarks about the plaintiff in the defendant's answer to the plaintiff's grievance complaint. The trial court granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the trial court properly concluded that the litigation privilege barred the plaintiff's action sounding in defamation and fraud; that court properly concluded that the litigation privilege extends absolute immunity to statements made to the attorney disciplinary authority by an attorney who is the subject of a grievance complaint, as an attorney who is the subject of a grievance proceeding is a party to a quasi-judicial proceeding, and, therefore, relevant statements made by the attorney are shielded by the litigation privilege, and the plaintiff could not prevail in her claim that the litigation privilege did not properly apply because her complaint pleads facts suggesting that the defendant both abused the judicial process and breached the professional duty of candor, as our Supreme Court has refused to apply absolute immunity to causes of action alleging the improper use of the judicial system, which is disctict from attempting to impose liability on a participant in a judicial proceeding for the words used therein, and this court has determined prevously that statements made in a grievance proceeding are shielded by absolute immunity, and that the act of filing a grievance is protected as well.

Argued November 27, 2018—officially released April 2, 2019

*Procedural History*

Action to recover damages for defamation and fraud, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Wahla, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Debra Cohen*, self-represented, the appellant (plaintiff).

*Philip Miller*, assistant attorney general, with whom, on the brief, was *George Jepsen*, former attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Debra Cohen, appeals from the judgment of the trial court granting a motion to dismiss filed by the defendant, Patricia A. King. On appeal, the plaintiff claims that the trial court erred in concluding that the doctrine of litigation privilege barred her action sounding in defamation and fraud. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our decision. The defendant was the chief disciplinary counsel for the Office of Chief Disciplinary Counsel. The plaintiff was terminated from her position as a staff attorney for the Office of the Probate Court Administrator following a disciplinary proceeding conducted pursuant to the Connecticut Judicial Branch Administrative Policies and Procedures Manual Policy 612, titled "Corrective Discipline." While the proceeding was pending, the Probate Court Administrator notified the defendant of the matter.

The defendant then assigned an assistant chief disciplinary counsel to investigate the matter. Thereafter, the defendant initiated grievance proceedings against the plaintiff. A reviewing committee issued a reprimand to the plaintiff. The Statewide Grievance Committee (committee) and the Superior Court affirmed the reprimand.[1]

During the pendency of the grievance proceeding, the plaintiff filed her own grievance complaint against the defendant. The plaintiff alleged that the defendant's decision to file a grievance "violated several sections of the Practice Book, the duties and responsibilities of her office, and the public's trust . . . ." In response, the defendant contended that the plaintiff's grievance complaint was without merit. The grievance panel found no probable cause and dismissed the complaint against the defendant.

The plaintiff then instituted the present civil action against the defendant. The plaintiff claimed that the defendant "published false and defamatory statements and remarks about the plaintiff in her (defendant's) answer to [the plaintiff's] Grievance Complaint [against the defendant] . . . ."[2] The defendant moved to dismiss the action on the ground of litigation privilege. The court concluded that the litigation privilege barred the action and granted the motion to dismiss. This appeal followed.

The issue presented is whether the court erred in concluding that the litigation privilege extends absolute immunity to statements made to the attorney disciplinary authority by an attorney who is the subject of a grievance complaint. In deciding a motion to dismiss, a "court must take the facts to be those alleged in the complaint, including those facts necessarily implied

from the allegations, construing them in a manner most favorable to the pleader . . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010). "Additionally, whether attorneys are protected by absolute immunity for their conduct during judicial proceedings is a question of law over which our review is plenary." *Simms* v. *Seaman*, 308 Conn. 523, 530, 69 A.3d 880 (2013).

Connecticut has long recognized the litigation privilege. See id., 535–39. "[T]he purpose of affording absolute immunity to those who provide information in connection with judicial and quasi-judicial proceedings is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements. . . . Put simply, [litigation privilege] furthers the public policy of encouraging participation and candor in judicial and quasi-judicial proceedings. This objective would be thwarted if those persons whom the common-law doctrine [of litigation privilege] was intended to protect nevertheless faced the threat of suit. In this regard, the purpose of the absolute immunity afforded participants in judicial and quasi-judicial proceedings is the same as the purpose of the sovereign immunity enjoyed by the state. . . . As a result, courts have recognized [litigation privilege] as a defense in certain retaliatory civil actions . . . ." (Internal quotation marks omitted.) *MacDermid, Inc.* v. *Leonetti*, 310 Conn. 616, 627–28, 79 A.3d 60 (2013).

"The rationale underlying [litigation] privilege is grounded upon the proper and efficient administration of justice. . . . Participants in a judicial process must be able to testify or otherwise take part without being hampered by fear of defamation suits. . . . Therefore, in determining whether a statement is made in the course of a judicial proceeding, it is important to consider whether there is a sound public policy reason for permitting the complete freedom of expression that a grant of [litigation privilege] provides. . . . In making that determination, the court must decide as a matter of law whether the allegedly defamatory statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding. The test for relevancy is generous and judicial proceeding has been defined liberally to encompass much more than civil litigation or criminal trials." (Citations omitted; internal quotation marks omitted.) *Hopkins* v. *O'Connor*, 282 Conn. 821, 839, 925 A.2d 1030 (2007).

"The judicial proceeding to which [absolute] immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether

the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contest. It extends also to the proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasi-judicial, in character." (Internal quotation marks omitted.) *Kelley* v. *Bonney*, 221 Conn. 549, 566, 571, 606 A.2d 693 (1992).

In a grievance proceeding, the committee performs a number of judicial functions, such as assigning the case to a reviewing committee, compelling testimony and the production of evidence via subpoena power, holding hearings at which both parties have the right to be heard, and, ultimately, recommending dismissal of the complaint or the imposition of sanctions. *Field* v. *Kearns*, 43 Conn. App. 265, 272–73, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996), overruled in part on other grounds by *Rioux* v. *Barry*, 283 Conn. 938, 927 A.2d 304 (2007) (overruling grant of absolute privilege in vexatious litigation claim). Accordingly, a grievance proceeding is quasi-judicial in nature. Id., 273. This proposition is not in dispute.

The plaintiff, however, contends that the litigation privilege does not extend absolute immunity to statements made to a disciplinary authority by an attorney who is the subject of the grievance complaint or disciplinary investigation. The plaintiff argues that our conclusion in *Field* v. *Kearns*, supra, 43 Conn. App. 265, that "bar grievants are absolutely immune from liability for the content of any relevant statements made during a bar grievance proceeding"; Id., 273; does not apply to attorneys who are the subjects of grievance proceedings, and that the privilege should not be so extended.[3] We disagree.

*Field* contains no language limiting the parties or participants who are protected by the litigation privilege in grievance proceedings. Moreover, this court stated that "parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements made therein." Id., 271, citing *Petyan* v. *Ellis*, 200 Conn. 243, 245–46, 510 A.2d 1337 (1986); see also *Hopkins* v. *O'Connor*, supra, 282 Conn. 839; *Kelley* v. *Bonney*, supra, 221 Conn. 573–74. An attorney who is the subject of a grievance proceeding is a party to a quasi-judicial proceeding, and, therefore, relevant statements made by the attorney are shielded by the litigation privilege. Accordingly, we conclude that absolute immunity applied to relevant statements the defendant made in response to the plaintiff's grievance complaint.

The plaintiff also argues that the litigation privilege did not properly apply because her complaint pleads facts suggesting that the defendant both abused the judicial process and breached the professional duty of

candor. We disagree.

Our Supreme Court has "recognized a distinction between attempting to impose liability upon a participant in a judicial proceeding for the words used therein and attempting to impose liability upon a litigant for his improper use of the judicial system itself . . . . In this regard, we have refused to apply absolute immunity to causes of action alleging the improper use of the judicial system." (Citation omitted.) *MacDermid, Inc.* v. *Leonetti*, supra, 310 Conn. 629; see also id. at 625–26 (litigation privilege did not shield claim by employee against employer alleging that employer had brought action against employee solely in retaliation for employee exercising his rights under Workers' Compensation Act).

We note that *Field* held not only that statements made in a grievance proceeding were shielded by absolute immunity, but also that the act of filing a grievance was protected. *Field* v. *Kearns*, supra, 43 Conn. App. 273. In *Tyler* v. *Tatoian*, 164 Conn. App. 82, 137 A.3d 801, cert. denied, 321 Conn. 908, 135 A.3d 710 (2016), this court held that the litigation privilege barred the plaintiff's claim against an attorney who allegedly made fraudulent statements during the course of a judicial proceeding.[4] Id., 92. This court concluded that "fraudulent conduct by attorneys, while strongly discouraged, (1) does not subvert the underlying *purpose* of a judicial proceeding, as does conduct constituting abuse of process and vexatious litigation, for which the privilege may not be invoked, (2) is similar in essential respects to defamatory statements, which are protected by the privilege, (3) may be adequately addressed by other available remedies, and (4) has been protected by the litigation privilege in federal courts, including the United States Supreme Court and the Second Circuit Court of Appeals, for exactly the same reasons that defamatory statements are protected." (Emphasis in original; internal quotation marks omitted.) Id., 91–92. Our conclusions in *Tyler* and in *Field* dispose of the plaintiff's claims.

The judgment is affirmed.

[1] The plaintiff has appealed from the judgment of the Superior Court affirming the reprimand in a separate appeal, which is pending before this court.

[2] Specifically, the plaintiff alleged that the defendant falsely and maliciously stated: "(a) That the plaintiff had engaged in serious misconduct concerning two estate matters, paying herself improper fiduciary fees; and (b) That the plaintiff was engaged in an unauthorized side business while serving as a court official and attorney."

[3] In *Field*, the plaintiff was an attorney who was sued for malpractice by a client whom he previously had represented in a foreclosure action. *Field* v. *Kearns*, supra, 43 Conn. App. 267. The defendant, the attorney who handled the client's malpractice case, requested in writing that the plaintiff notify his professional malpractice insurance carrier of the lawsuit. Id. After the plaintiff declined to do so, the defendant filed a complaint against the plaintiff with the statewide grievance committee, alleging that the plaintiff obstructed judicial process by failing to appear in the lawsuit and by failing to confirm that his malpractice carrier had been notified of the claim. Id. Thereafter, the plaintiff provided a panel of the committee with a copy of

the declarations page of his professional liability policy, and the defendant then sent a copy of a new complaint to the insurance carrier. Id., 267–68.

The plaintiff then brought a seven count complaint against the defendant concerning the defendant's conduct in both the malpractice action and the grievance complaint. Id., 268. The trial court granted the defendant's motion for summary judgment concluding, in relevant part, that the litigation privilege barred a number of the plaintiff's claims. Id., 269. On appeal, this court affirmed the trial court's judgment, concluding that the grievance proceeding was quasi-judicial and that absolute immunity applied to statements made therein. Id., 273.

[4] In *Tyler*, the plaintiffs were brothers who were named beneficiaries of their mother's trust. *Tyler* v. *Tatoian*, supra, 164 Conn. App. 83–84. The defendant, an attorney, was the trustee. Id., 84. The plaintiffs brought an action against the defendant, alleging, inter alia, that the defendant mismanaged the trust by failing to diversify the trust's assets. Id. At his deposition, the defendant testified that he had relied on the advice of an investment advisor in deciding not to diversify trust assets. Id., 84–85. The plaintiffs requested that the defendant seek to recover damages from the advisor, but the defendant declined to do so, and the court denied the plaintiffs' motion to compel the defendant to seek recovery from the advisor. Id., 85. At trial, the defendant testified that he did not rely on advice from the investment advisor. Id., 85–86. The jury returned a verdict for the defendant. Id., 86.

The plaintiffs then commenced a second action, in which they alleged, inter alia, that the defendant committed fraud when he offered contradictory testimony at his deposition and at trial. Id., 86. The defendant moved to dismiss the plaintiff's complaint, claiming that his communications were made during the course of judicial proceedings and were thus protected by the litigation privilege. Id. The court granted the defendant's motion. Id. On appeal, the plaintiffs claimed that the litigation privilege should not bar their complaint because the defendant's alleged fraud constituted improper use of the judicial system. Id., 87. This court disagreed and affirmed the judgment of the trial court. Id., 94.