******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY C. CARTER *v.* MICHAEL P. BOWLER
(AC 43670)

Bright, C. J., and Elgo and Bear, Js.

*Syllabus*

The plaintiff sought damages for the alleged deprivation of his due process
rights by the defendant, the statewide bar counsel for the Statewide
Grievance Committee. The plaintiff had filed two grievance complaints
with the committee against R, an attorney. In response to each complaint,
the defendant sent a letter to the plaintiff stating that, after review, it
was decided to dismiss the plaintiff's complaints without referring them
to a grievance panel because the complaints did not allege facts that,
if true, would violate the rules governing attorney conduct. The plaintiff
alleged that the defendant violated his rights under the federal and state
constitutions by dismissing his grievance complaints against R. The
trial court granted the defendant's motion to dismiss on the ground of
absolute immunity and the plaintiff appealed to this court. *Held* that
the trial court properly dismissed the plaintiff's complaint as the defen-
dant was entitled to absolute immunity because his actions in reviewing
complaints of attorney misconduct were taken in a quasi-judicial capac-
ity as part of a statewide grievance proceeding: the defendant acted at
all times pursuant to the statutory (§ 51-90c) authority vested in his
office and in accordance with the applicable rule of practice (§ 2-32),
as the statewide bar counsel has the responsibility to exercise judgment
and discretion, is vested with investigative authority, ascertains and
determines facts, makes decisions affecting the personal or property
rights of private persons, and makes binding orders and judgments to
either dismiss a complaint or refer it to a grievance panel or an arbitration
panel; moreover, because the Office of the Statewide Bar Counsel is
a creature of statute entrusted with the responsibility for reviewing
complaints of attorney misconduct, a sound public policy existed to
recognize the statewide bar counsel's complete freedom of expression
that a grant of absolute immunity provided; furthermore, the Office of
the Statewide Bar Counsel also acts as an arm of the court to effectuate
its inherent authority to regulate attorney conduct and to discipline
members of the bar.

Argued November 30, 2021—officially released March 8, 2022

*Procedural History*

Action to recover damages for the alleged deprivation
of the plaintiff's constitutional rights, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Hartford, where the court, *Budzik, J.*, granted
the defendant's motion to dismiss and rendered judg-
ment thereon, from which the plaintiff appealed to this
court. *Affirmed.*

*Anthony C. Carter*, self-represented, the appellant
(plaintiff).

*Philip Miller*, assistant attorney general, with whom,
on the brief, were *William Tong*, attorney general, and
*Clare Kindall*, solicitor general, for the appellee (defen-
dant).

*Opinion*

ELGO, J. The self-represented plaintiff, Anthony C. Carter, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Michael P. Bowler. On appeal, the plaintiff claims that the court improperly dismissed his complaint on the ground of absolute immunity.[1] We disagree and, accordingly, affirm the judgment of the trial court.

At all relevant times, the defendant was the statewide bar counsel for the Statewide Grievance Committee (committee). During the summer of 2017, the plaintiff filed two grievance complaints with the committee against Attorney Richard J. Rubino. In response to each complaint, the defendant sent a letter to the plaintiff that stated in relevant part: "The [plaintiff's] complaint has been reviewed by the [O]ffice of the Statewide Bar Counsel, together with an attorney and a non-attorney member of the [committee]. After this review it was decided to dismiss the complaint . . . without referring it to a grievance panel for the following reason(s): The complaint does not allege facts, which, if true, would constitute a violation of any provision of the applicable rules governing attorney conduct. . . ."[2]

The plaintiff commenced the present action against the defendant on November 29, 2017. In his one count complaint, the plaintiff alleged that the defendant had violated his due process rights under the federal and state constitutions by dismissing his grievance complaints against Rubino. In response, the defendant filed a motion to dismiss pursuant to Practice Book § 10-30, in which he alleged, inter alia, that the doctrine of absolute immunity barred the plaintiff's action. After the parties submitted memoranda of law on that issue, the court granted the motion to dismiss, and this appeal followed.

On appeal, the plaintiff claims that the court improperly dismissed his action on the ground of absolute immunity. We do not agree.

"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because a jurisdictional challenge presents a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *North Sails Group, LLC* v. *Boards & More GmbH*, 340 Conn. 266, 269, 264 A.3d 1 (2021). The doctrine of absolute immunity implicates the subject matter jurisdiction of the court. See *Kenneson* v. *Eggert*, 196 Conn. App. 773, 780, 230 A.3d 795 (2020) ("absolute immunity concerns a court's subject matter jurisdiction" (internal quotation marks omitted)); *Bruno* v. *Travelers Cos.*, 172 Conn. App. 717, 723, 161 A.3d 630 (2017) ("once the defendants raised the issue of absolute immunity . . . and the court then determined that the plaintiff's initial complaint was barred by the doctrine of absolute immunity, the court

should have dismissed the case against the defendants"). In addition, we note that, "[i]n reviewing a challenge to a ruling on a motion to dismiss . . . [w]hen the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether . . . the trial court's conclusions of law are legally and logically correct." (Internal quotation marks omitted.) *Labissoniere* v. *Gaylord Hospital, Inc.*, 182 Conn. App. 445, 452, 185 A.3d 680 (2018).

We begin our analysis by reviewing certain well established precepts. The doctrine of absolute immunity, known also as the litigation privilege; see, e.g., *MacDermid, Inc.* v. *Leonetti*, 310 Conn. 616, 627, 79 A.3d 60 (2013); *Idlibi* v. *Ollennu*, 205 Conn. App. 660, 664, 258 A.3d 121 (2021); "protects against suit as well as liability—in effect, against having to litigate at all." (Internal quotation marks omitted.) *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 786, 865 A.2d 1163 (2005); see also *Simms* v. *Seaman*, 308 Conn. 523, 540–45, 69 A.3d 880 (2013) (discussing expansion of absolute immunity to bar retaliatory civil actions beyond claims of defamation). Our Supreme Court consistently has "applied the doctrine of absolute immunity to . . . actions arising from judicial or quasi-judicial proceedings." *Rioux* v. *Barry*, 283 Conn. 338, 345, 927 A.2d 304 (2007). As the court explained, "[t]he judicial proceeding to which . . . [absolute] immunity attaches . . . includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not. . . . It extends . . . to the proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasi-judicial, in character." (Internal quotation marks omitted.) *Petyan* v. *Ellis*, 200 Conn. 243, 246, 510 A.2d 1337 (1986).

The question, then, is whether the proceeding at issue in the present case properly may be considered quasi-judicial in nature. Our Supreme Court has outlined a number of factors that assist in determining whether a proceeding is quasi-judicial in nature. "Among them are whether the body has the power to: (1) exercise judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties. . . . Further, it is important to consider whether there is a sound public policy reason for permitting the complete freedom of expression that a grant of absolute immunity provides." (Citation omitted.) *Kelley* v. *Bonney*, 221 Conn. 549, 567, 606 A.2d 693 (1992). Those factors "are not exclusive nor must all factors militate in favor of a determination that a proceeding is quasi-judicial in nature for a court to conclude that the proceeding is, in fact, quasi-

judicial." *Priore* v. *Haig*, 196 Conn. App. 675, 697, 230 A.3d 714, cert. granted, 335 Conn. 955, 239 A.3d 317 (2020).

The Office of the Statewide Bar Counsel exists pursuant to statute. General Statutes § 51-90c provides in relevant part: "(a) The judges of the Superior Court shall appoint an attorney to act as State-Wide Bar Counsel, who shall serve full-time, and such number of attorneys to act as assistant bar counsel as are necessary . . . . (b) In addition to any other powers and duties set forth in sections 51-90 to 51-91b, inclusive, or by rule of the court, the State-Wide Bar Counsel shall investigate and prosecute complaints involving the violation by any person of any provision of section 51-88." In carrying out that statutory mandate, in accordance with the applicable rules of practice promulgated by the Superior Court; see footnote 2 of this opinion; the statewide bar counsel (1) exercises judgment and discretion, (2) is vested with investigative authority, (3) ascertains and determines facts, (4) makes decisions that affect the personal or property rights of private persons, as a possible consequence of the statewide bar counsel's decision to refer a complaint to the committee is suspension or revocation of a license to practice law in this state; see General Statutes § 51-90g; and (5) makes binding orders and judgments to either dismiss a complaint or refer it to a grievance panel or an arbitration panel. See Practice Book § 2-32 (a). Those responsibilities persuade us that the activities of the statewide bar counsel are quasi-judicial in nature. Moreover, as a creature of statute entrusted with responsibility for reviewing complaints of attorney misconduct, a sound public policy reason exists to recognize the statewide bar counsel's "complete freedom of expression that a grant of absolute immunity provides." *Kelley* v. *Bonney*, supra, 221 Conn. 567.

Furthermore, it bears emphasis that, although established by statute, the Office of the Statewide Bar Counsel acts as an arm of the court to effectuate its "inherent authority to regulate attorney conduct and to discipline the members of the bar." *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo*, 190 Conn. 510, 523, 461 A.2d 938 (1983); see also *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 239, 558 A.2d 986 (1989) (statewide bar officials act as "arm of the court" in carrying out duties because "[t]he regulation of attorney conduct is . . . within the court's inherent authority"); cf. *In re Application of Pagano*, 207 Conn. 336, 339, 541 A.2d 104 (1988) ("[t]he proceeding to disbar [or suspend] an attorney is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court" (emphasis omitted; internal quotation marks omitted)). This court previously has held that "a grievance proceeding is quasi-judicial in nature"; *Cohen* v. *King*, 189 Conn. App.

85, 90, 206 A.3d 188 (2019), cert. denied, 336 Conn. 925, 246 A.3d 986 (2021); and that "statements made in a grievance proceeding [are] shielded by absolute immunity . . . ." Id., 92; see also *Field* v. *Kearns*, 43 Conn. App. 265, 273, 682 A.2d 148 ("we conclude that bar grievance proceedings are quasi-judicial"), cert. denied, 239 Conn. 942, 684 A.2d 711 (1996); *Grant* v. *Quinn*, Docket No. CV-10-5035130, 2011 WL 925441, *4 (Conn. Super. February 8, 2011) ("[t]he proceedings of the [committee] are judicial in nature and its members are entitled to absolute judicial immunity from liability for duties performed in connection with those proceedings"). In light of the foregoing, we conclude that the statewide bar counsel's review of complaints of attorney misconduct is quasi-judicial in nature under Connecticut law.

Federal law similarly has recognized that counsel to attorney discipline committees act in a quasi-judicial capacity. As the United States Supreme Court has observed, "[t]he essentially judicial nature of disciplinary actions . . . has been recognized previously by the federal courts." *Middlesex County Ethics Committee* v. *Garden State Bar Assn.*, 457 U.S. 423, 434 n.13, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). The United States Court of Appeals for the Second Circuit likewise "has consistently extended . . . 'quasijudicial' immunity to investigators with attorney grievance committees . . . ." *Finn* v. *Anderson*, 592 Fed. Appx. 16, 19 (2d Cir. 2014); see also *McKeown* v. *New York State Commission on Judicial Conduct*, 377 Fed. Appx. 121, 124 (2d Cir. 2010) ("[p]rosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles"); *Napolitano* v. *Saltzman*, 315 Fed. Appx. 351, 351–52 (2d Cir. 2009) (holding that defendant attorney "enjoys absolute immunity for his actions as counsel to the Grievance Committee, which are 'quasi-public adjudicatory [or] prosecutorial' in nature"); *Anonymous* v. *Assn. of the Bar of the City of New York*, 515 F.2d 427, 433 (2d Cir.) (grievance committee "acts as a quasi-judicial body" as arm of court (internal quotation marks omitted)), cert. denied, 423 U.S. 863, 96 S. Ct. 122, 46 L. Ed. 2d 92 (1975); accord *Bishop* v. *State Bar of Texas*, 791 F.2d 435, 438 (5th Cir. 1986) (due to "the importance of the disciplinary process to the judiciary, courts have afforded broad immunity to members of bar grievance committees and their staff"); *Clulow* v. *Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983) ("bar officials charged with duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions"); *Kissell* v. *Breskow*, 579 F.2d 425, 430–31 (D.C. Cir. 1980) (absolute immunity afforded to members of attorney discipline committee); *Clark* v. *Washington*, 366 F.2d 678, 681 (9th Cir.1966) ("[a]s an arm of the Washington Supreme

Court in connection with disciplinary proceedings, the Bar Association is an 'integral part of the judicial process' and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state").

In order to overcome the absolute immunity afforded in judicial or quasi-judicial proceedings, a plaintiff bears a formidable burden. Allegations of improper motives, bad faith, or malice are not enough. See *Mireles* v. *Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam) (absolute immunity "is not overcome by allegations of bad faith or malice"); *Bernard* v. *County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("the fact that improper motives may influence [attorney's] authorized discretion cannot deprive him of absolute immunity"). Rather, a plaintiff must demonstrate that either (1) the actions in question were not taken in the defendant's judicial or quasi-judicial capacity or (2) the defendant has acted "in the complete absence of all jurisdiction." *Mireles* v. *Waco*, supra, 11–12; see also *Leseberg* v. *O'Grady*, 115 Conn. App. 18, 22, 971 A.2d 86, cert. denied, 293 Conn. 913, 978 A.2d 1110 (2009).

The record before us unequivocally indicates that the defendant's actions in the present case were taken in a quasi-judicial capacity as part of a statewide grievance proceeding, and that the defendant at all times acted pursuant to the authority vested in his office by our General Statutes.[3] His actions, therefore, are protected by absolute immunity. For that reason, the trial court properly granted the motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also challenges the court's determination that dismissal of his state constitutional claim was warranted on the alternative ground of sovereign immunity. In light of our conclusion that the court properly determined that the plaintiff's action was barred by the doctrine of absolute immunity, we do not address that alternate basis of dismissal.

[2] In so doing, the defendant's conduct comported with the strictures of Practice Book § 2-32 (a), which provides in relevant part: "Within seven days of the receipt of a complaint, the statewide bar counsel shall review the complaint and process it in accordance with subdivisions (1), (2) or (3) of this subsection as follows . . . (2) refer the complaint to the chair of the Statewide Grievance Committee or an attorney designee of the chair and to a nonattorney member of the committee, and the statewide bar counsel in conjunction with the chair or attorney designee and the nonattorney member shall, if deemed appropriate, dismiss the complaint on one or more of the following grounds . . . (B) the complaint does not allege facts which, if true, would constitute a violation of any provision of the applicable rules governing attorney conduct . . . ."

[3] We reiterate that the gravamen of the plaintiff's complaint was that the defendant improperly had sent the plaintiff two letters "informing him that his [grievance complaints] had been dismissed."