*Barone v. Laws.' Fund for Client Prot.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of February, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

JOSEPH S. BARONE,

   *Plaintiff-Appellant*,

  v.             No. 22-58

THE LAWYERS' FUND FOR CLIENT PROTECTION, SUPREME COURT OF NEW YORK, APPELLATE DIVISION, THIRD DEPARTMENT,

   *Defendants-Appellees*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | Joseph S. Barone, pro se, Myrtle Beach, SC. |
| **For Defendants-Appellees:** | Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Brian Lusignan, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joseph Barone, proceeding pro se, appeals from the district court's dismissal of various claims he brought against the Lawyers' Fund for Client Protection (the "Lawyers' Fund") and the Supreme Court of the State of New York, Appellate Division, Third Department (the "Third Department"; together with the Lawyers' Fund, the "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

Having served as an informant for the Federal Bureau of Investigation (the "FBI") for approximately twenty years, Barone was arrested in January 2009 for conduct that he claims the FBI itself had authorized.[1]  After his arrest, Barone hired an attorney, Roy Kulcsar, to represent him.   When Kulcsar told Barone that prosecutors would freeze his assets and thus deny him legal counsel of his choosing, Barone transferred personal liquid assets to Kulcsar.   But after Barone fired Kulcsar and obtained new representation, Kulcsar failed to return all of Barone's funds.   Barone was ultimately acquitted and released from custody in July 2010; Kulcsar was disbarred in June 2012.

In June 2012, Barone filed an application with the Lawyers' Fund – which has the power to reimburse clients for "losses caused by the dishonest conduct of attorneys admitted to practice in [New York] state," N.Y. Jud. Law § 468-b(2) – for reimbursement of the assets Kulcsar had stolen from him.   The Lawyers' Fund, however, denied Barone's claim, principally because it found he had voluntarily

---

[1] Certain facts recited herein are drawn from Barone's federal complaint, which we accept as true for the purposes of this order.   *See, e.g., M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013). Other facts recited herein are drawn from state-court documents – of which the district court permissibly took judicial notice – submitted with the Defendants' motion to dismiss.   *See* Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

3

transferred the funds to avoid having them seized by prosecutors. Barone then commenced an Article 78 proceeding in New York Supreme Court, Albany County, to annul the determination of the Lawyers' Fund, *see* N.Y. C.P.L.R. 7801 *et seq.*, which the court denied, finding that the Lawyers' Fund's determination was neither arbitrary and capricious, nor an abuse of discretion. Barone filed a notice of appeal with the Third Department, but failed to perfect his appeal, resulting in dismissal.

In February 2021, Barone filed a federal action against the Lawyers' Fund and the Third Department, asserting claims for (1) "judgment obtained by fraud"; (2) "denial of due process"; (3) "denial of equal protection"; and (4) "violations of the American with Disabilities Act," presumably related to the post-traumatic stress disorder ("PTSD") from which Barone suffers. Dist. Ct. Doc. No. 1 at 19–25 (capitalization standardized). The Defendants moved to dismiss Barone's complaint on various grounds. The district court granted that motion, construing Barone's complaint to have raised claims pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12131 *et*

4

*seq.*, but principally concluding that judicial immunity and quasi-judicial immunity barred the claims against the Defendants. Barone timely appealed.

We review de novo a district court's ruling on a motion to dismiss based on judicial immunity. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). We are, however, "free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (citation omitted). We do so here, affirming on the basis that Barone's claims under 42 U.S.C. § 1983 are barred by the Eleventh Amendment, and that he has failed to state a claim on which relief can be granted under Title II of the ADA.

The Eleventh Amendment provides immunity from suit in federal court to states, as well as to "state agents and state instrumentalities that are, effectively, arms of a state." *See Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 151–52 (2d Cir. 2013) (citation omitted). In determining whether an entity is an arm of the state, we consider many factors, including:

> (1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the

5

entity's actions; and (6) whether the entity's financial obligations are binding upon the state.

*Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation omitted). Eleventh Amendment immunity, however, can be waived by the state or abrogated by Congress. *Id.*

Both of the Defendants qualify as state entities eligible for Eleventh Amendment immunity, subject to waiver or abrogation. As to the Third Department, we have squarely held that the New York State Unified Court System – of which the Third Department is a part – is an arm of the state. *Id.* at 366–68; *see also Napolitano v. Saltzman*, 315 F. App'x 351, 351 (2d Cir. 2009). Similarly, we conclude that the Lawyers' Fund is an arm of the state because it was created by state law, its trustees are appointed by the New York Court of Appeals and considered state employees, and its assets are held in the custody of the state Comptroller. *See* N.Y. Jud. Law § 468-b; N.Y. State Fin. Law § 97-t. Furthermore, regulations regarding the Lawyers' Fund signal that it is an "Ancillary Agenc[y]" to the state court system, similar to the Board of Law Examiners – an entity we have previously determined to be an arm of the state. *See* N.Y. Comp. Codes R.

6

& Regs. tit. 22, § 7200 *et seq.*; *T.W. v. N.Y. State Bd. of L. Exam'rs*, 996 F.3d 87, 92 (2d Cir. 2021).

Having determined that the Defendants are state entities, we see no basis for concluding that the Defendants' Eleventh Amendment immunity has been waived or abrogated as to Barone's claims under section 1983. Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). And while a claim under Title II of the ADA could in theory escape Eleventh Amendment immunity, Barone cannot state a Title II claim. *See Mary Jo C.*, 707 F.3d at 152.

To make out a prima facie case under Title II of the ADA, Barone must show, among other things, that he was "denied the opportunity to participate in or benefit from [D]efendants' services, programs, or activities, or was otherwise discriminated against by [D]efendants, by reason of [his] disability." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) (citation omitted). But Barone's complaint contains no plausible allegations that either of the Defendants' actions were taken *by reason* of his PTSD, or even that they were *aware* of his PTSD. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

7

(2007).   As a result, we conclude that dismissal of Barone's claims against these Defendants was proper.

We have considered Barone's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8