99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Dean LOREN, Plaintiff-Appellant,
v.
STATE of New York; New York State Court of Appeals; Diane
B. Marry; Donald P. Marry; Donald S. Marry; Bernadette
Marry; Stephen W. Marry; Mark J. Marry; Essential
Reports, Inc., Defendants-Appellees.
 No. 94-7890.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Dean Loren, pro se, New York, NY
 S.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued pro se by appellant.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Present: WINTER, WALKER, JR., CABRANES, Circuit Judges.
 
 
 1
 Dean Loren, pro se, appeals from Judge Batts's dismissal of his complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(6) and 12(h)(3). Judge Batts dismissed the complaint sua sponte prior to service on the defendants, who consequently did not appear on this appeal.
 
 
 2
 We construe Loren's pro se complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992). Loren asserts federal question jurisdiction under 28 U.S.C. § 1331 with federal due process claims against the State of New York and the New York State Court of Appeals. His remaining claims against private individuals, for which he attempts to assert supplemental jurisdiction under 28 U.S.C. § 1367, are state law claims arising from an alleged real property lease agreement. Loren's complaint seeks both money damages and injunctive relief, although it is not entirely clear from which defendants the money damages are sought.
 
 
 3
 The Eleventh Amendment to the Constitution bars on sovereign immunity grounds damage actions against states in federal courts. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651, 668-69 (1974). However, the Eleventh Amendment has been interpreted to permit suits against state officials for prospective, or injunctive, relief when their actions violate the Fourteenth Amendment. Ex Parte Young, 209 U.S. 123, 150-59 (1908); Santiago v. New York State Dep't of Correctional Servs., 945 F.2d 25, 28-29 (2d Cir.1991), cert. denied, 502 U.S. 1094 (1992).
 
 
 4
 Loren's claim for retrospective relief, or money damages, is thus barred insofar as it applies to the state defendants. Loren's prospective claims against the State of New York and the New York Court of Appeals must also be dismissed because they do not conform to the requirement, established in Ex Parte Young, that a plaintiff seeking prospective or injunctive, relief from the state must name as defendant a state official rather than the state itself or a state agency. 209 U.S. at 159-60; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984).
 
 
 5
 Because all of Loren's federal claims must be dismissed under the Eleventh Amendment, which "deprives federal courts of any jurisdiction to entertain [prohibited] claims, and thus may be raised at any point in a proceeding," Pennhurst, 465 U.S. at 99 n. 8, the district court was not required to exercise supplemental federal jurisdiction over the state law claims. The dismissal of his entire complaint for lack of subject matter jurisdiction is therefore affirmed.