21-2924
*In the Matter of M.M.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-two.

PRESENT:
>           DENNY CHIN,
>           RICHARD J. SULLIVAN,
>           STEVEN J. MENASHI,
>                     *Circuit Judges.*

_____

IN THE MATTER OF M.M.,

>           *Plaintiff-Appellant*,

>      v.                                                              No. 21-2924

THE NEW YORK STATE COURT OF APPEALS, THE STATE OF NEW YORK SUPREME COURT, Appellate Division Third Judicial Department, THE ATTORNEY GRIEVANCE

COMMITTEE OF THE SUPREME COURT, Appellate
Division Third Judicial Department,

*Defendants-Appellees.*[*]

_____

**FOR PLAINTIFF-APPELLANT:** David B. Cabaniss, Cabaniss Casey LLP, Albany, NY.

**FOR DEFENDANTS-APPELLEES:** Sarah L. Rosenbluth, Assistant Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant M.M., an attorney licensed to practice law in the State of New York, appeals the district court's dismissal of his complaint alleging causes of action against various judicial authorities responsible for overseeing the process by which attorneys are disciplined in New York. In 2017, Defendant-Appellee

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Attorney Grievance Committee of the Supreme Court, Appellate Division, Third Judicial Department (the "Grievance Committee"), alleged that M.M. had engaged in professional misconduct, principally by abiding a conflict of interest during the course of a child-custody dispute. The Appellate Division, Third Department ("Third Department"), censured him for this conduct in 2018, ordering him to undergo continuing legal education and pass an ethics exam. The New York Court of Appeals declined to hear M.M.'s appeal of that sanction.

M.M. commenced this suit against the Grievance Committee, the Third Department, and the New York Court of Appeals on January 15, 2021, asserting under 42 U.S.C. § 1983 that the Defendants-Appellees violated his Fourteenth Amendment Due Process rights by (1) disciplining him for violating New York Rules of Professional Conduct that are unconstitutionally vague, (2) using the preponderance-of-the-evidence standard rather than a more demanding one to assess whether he violated any ethical rule, (3) failing to set forth sufficient findings of fact, and (4) not granting him a discretionary appeal from the Third Department's sanction (which M.M. alleges also violated a state statute). He additionally requested a declaratory judgment that he did not violate any New York Rule of Professional Conduct.

The district court concluded that state sovereign immunity bars M.M.'s suit against these state-entity defendants and accordingly dismissed his claims in their entirety. It also held, alternatively and independently, that the *Rooker-Feldman* doctrine and the doctrine of res judicata each bar this suit because M.M. litigated or could have litigated these same issues before the New York state courts that disciplined him, where he was the losing party.

On appeal, M.M. argues that the district court erred with respect to each of its conclusions. Because we agree with the district court's principal holding that it lacked jurisdiction in light of New York State's sovereign immunity, we reach only the first of the district court's holdings. We review the district court's dismissal of a complaint de novo. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210–211 (2d Cir. 2020).

"While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens," the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Under the so-called *Ex parte Young* exception, into which M.M. attempts to fit his claims, a suit may proceed if the plaintiff seeks to enjoin a state

4

official from engaging in an ongoing violation of federal law and requests relief that is prospective, rather than retrospective. *See Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645–46 (2002) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123, 129 (1908)).

As the district court correctly concluded, a *Young* suit is unavailable here because M.M. has sued only state entities, not state officials, and *Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991) ("[A] plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly."). In his complaint, M.M. named only units of the New York State judiciary – the Court of Appeals, the Third Department, and the Grievance Committee. In fact, M.M. himself acknowledges in his pleadings that these defendants "constitute the judicial branch of the New York State government as established by Article VI of the New York State Constitution." J. App'x at 8, ¶ 8. And on appeal, he does not even attempt to challenge the district court's holding that he has not named any defendant amenable to suit under *Young*.

5

Our cases confirm that these entities are state agencies, and immune from suit under *Young*. *See, e.g., Loren v. State of New York.*, 99 F.3d 402, 1995 WL 763009, at *1 (2d Cir. 1995) (unpublished disposition) ("Loren's prospective claims against the . . . New York Court of Appeals must also be dismissed because they do not conform to the requirement" that a plaintiff "must name as defendant a state official rather than the state itself or a state agency."); *see also Napolitano v. Saltzman*, 315 F. App'x 351, 351 (2d Cir. 2009) (dismissing a similar suit challenging a disciplinary sanction because "the New York State Appellate Division[] [and] the Grievance Committee[] . . . enjoy sovereign immunity under the Eleventh Amendment"). Indeed, the Supreme Court has recently reaffirmed that a *Young* suit may not be brought even against individual state-court *officials* such as judges and clerks, *see Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 531–534 (2021), which renders such a suit especially inappropriate here against state-court *entities*.

We have considered M.M.'s remaining arguments and find them to be without merit.

Because every defendant in this action has state sovereign immunity from suit, the district court properly dismissed M.M.'s complaint.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court