JOSEPH B. ROSE, APPELLANT, v. ASA L. HATCH AND OTHERS, RESPONDENTS.

*Life estate, with power of disposition — rights of creditors of the beneficiary.*

A testatrix, by her will, gave her estate to her husband, in trust, to his own proper use during his life, intending that out of the estate, its income, substance, profits and avails, the husband should derive his support, in whole or in part, with the desire on the part of the testatrix that so much of said estate, or its profits and avails, as the husband should die seized or possessed of, " shall be by him so left, secured and disposed of as to be devoted to the support and education of orphan children." The testatrix also gave to her husband power to sell the property, "provided that if any portion thereof, its avails in money or valuables, be used by my said husband, such use shall be restricted to his personal wants and necessities in providing for his support and livelihood."

In an action, brought by a creditor of the husband to enforce his claim against this property upon the theory that an absolute power of disposition was given to the husband, which, under the statute, enlarged his estate, acquired by virtue of the will, into a fee in respect to the rights of creditors:

*Held*, that the claim could not be maintained; that the power bestowed upon the husband was not general and beneficial, because others than the grantee of the power had, by the terms of its creation, an interest in its execution.

That the power of disposition was to be exercised during the husband's life, and, therefore, was not absolute, as an absolute power included a power, as well, of disposal by will.

That the power of sale was conditional because confined to the personal wants and necessities of the husband, in providing for his support and livelihood, and did not operate to enlarge the estate given to him into a fee.

That the power of disposal given to the husband, under the will, was not the absolute power of disposition, and his estate was not, therefore, such as to render the gift over repugnant thereto and void.

APPEAL by plaintiff from a judgment in favor of the defendants, entered in the Queens county clerk's office August 7, 1884, dismissing the complaint after a trial before the court without a jury.

*W. Lindsay*, for the appellant.

*Dailey & Bell*, for the respondents.

DYKMAN, J.:

The facts involved in this case are uncontroverted and simple, but they are loaded with serious questions of law.

The action is for the recovery of real property, and these are the facts: Elizabeth Hatch was the first wife of the defendant, Asa L. Hatch, and during her lifetime and at the time of her death, she was the owner of the premises in question. She died on the 12th day of March, 1884, leaving a last will and testament made and dated March 7, 1884, and proved and admitted to probate October 27, 1884. The portions of the will which are pertinent and important to this case, are as follows:

*Second.* I give, devise and bequeath all my estate and property, whether real, personal or mixed, of which I may die possessed, to my beloved husband, Asa Lyon Hatch, in trust, to be by him held, enjoyed and disposed of as follows, that is to say:

1. To his own proper use, benefit and advantage during his natural life, meaning and intending, that out of the said estate, its income, substance, profits and avails, my said husband may, and shall derive his support, in whole or in part, accordingly as said estate may be made available and my said husband may determine, but it is my desire that so much of said estate, or its profits and avails as my said husband shall die seized or possessed of, shall be by him so left, secured and disposed of, as to be devoted to the support and education of orphaned children in such way and manner as in his judgment may best conserve this object.

2. I furthermore desire my said husband to make such gifts or mementoes, in my name, to such of my surviving relations and friends as I have heretofore verbally named and requested of him in this, as in all other matters, having the fullest confidence and belief that he will faithfully observe and carry out my wishes, by him clearly understood.

3. I nominate and appoint my beloved husband, Asa Lyon Hatch, my sole executor of this my last will and testament, and I request that no bond in this behalf shall be required of him.

I further give to and confer upon my before-mentioned executor and trustee full power and authority, by public or private sale, or in such way or manner, and at such price or prices and terms of credit as he shall deem expedient, to bargain, sell and convey any and all the real, personal and mixed estate of which I may die seized, and the trust hereby created is intended to confer such right and authority unqualifiedly, as well as to authorize and empower my said executor and trustee to make, execute and deliver any such deed or conveyance as shall be needful and proper to fully carry out and complete any sale, transfer or incumbrance of the whole or any part of said estate, and to use or invest the proceeds arising from such sale or sales in other real or personal property and estate, with like powers of disposition over the same, as are hereby given in respect to the identical estate and property by me possessed at the time of my decease. Provided that if any portion thereof, its avails in moneys or valuables be used by my said husband, such use shall be restricted to his personal wants and necessities in providing for his support and livelihood.

4. It is my will that my said executor and trustee shall not be held answerable, in any way or manner, for any loss or damages that may arise from any sales, transfers or other disposition by him made of the whole or any part of the estate or property which may and shall come to his hands under the provisions of this my last will and testament.

On the 7th day of February, 1883, the plaintiff recovered a judgment against the defendant Asa L. Hatch, for $289,283, which was docketed in Queens county, where the premises in question are located, on the 7th day of August, 1884. Acting upon the assumption that the will of his wife gave to the defendant Hatch an absolute power of disposition which the statute enlarged into a fee in respect to the rights of creditors, the plaintiff caused this land to be sold under an execution issued upon his judgment against Hatch, and the plaintiff became the purchaser at the sale on the 23d day of January, 1886, and received a deed of conveyance of the premises in pursuance of such sale on the 28th day of April, 1887, and that

constitutes the foundation to his claim to recover the premises in this action.

On the 31st day of December, 1886, the defendant Hatch, claiming to act under the power and authority conferred by the will of his deceased wife, conveyed this property to Helen A. Richards for a nominal consideration, and she at the same time conveyed the premises to the defendant Almira F. Hatch, the present wife of the defendant Asa L. Hatch, for $6,500, which was paid by her to the defendant Asa L. Hatch, as executor. The premises were sold subject to a mortgage for $7,000, and the defendant Almira F. Hatch has since continued in possession of the premises under such purchase. No fraud is imputed and the rights of the parties depend upon the construction to be given to the last will and testament of Elizabeth Hatch, deceased.

The trial of the action was had before a judge without a jury, and he gave judgment for the defendant, dismissing the complaint of the plaintiff, with costs, and the plaintiff has appealed from the judgment. As we have already said in another way, the plaintiff contends that, as to creditors, the defendant Asa L. Hatch took the lands in question in fee under the will of his deceased wife, and that his judgment, therefore, became a lien thereon, which ripened into a title in him by virtue of the sale and conveyance to him under his judgment; and that the deed to the defendant Almira F. Hatch, consequently, conveyed no title to her. Contrary to such contention, the defendants insist that Asa L. Hatch took a life estate only in the premises, with a power of disposal which was not enlarged into a fee.

The solution of the question thus presented depends upon the will of Elizabeth Hatch, deceased. It is to be observed, first, that the power bestowed upon Asa L. Hatch by the will of his wife is not general and beneficial, because others than the grantee of the power have, by the terms of its creation, an interest in its execution. (1 R. S., 732, § 79.)

By the express terms of this will a trust is created for the benefit of persons other than the defendant Hatch, and, therefore, the estate of the life tenant is not changed into a fee by virtue of the grant of the power of disposition. (1 R. S., 732, § 81.)

Hence the decision of this court in the case of *Tilton* v. *Sprague*

is not an authority here. There was an express life estate granted to Asa L. Hatch by this will, and where a testator gives to the first taker an estate for life, only by certain and express words, and annexes to it a power of disposal, the devise does not carry any absolute fee. (*Jackson* v. *Robins*, 16 Johns., 537.)

The general scheme of the will is plain and apparent. It was the purpose of the testatrix to give all her property to her husband for life, with full power of disposal during his lifetime for his own proper use and benefit, and to give so much as should remain at his death for the support of certain orphan children. But the power of disposition was to be exercised during his life, and, therefore, the power was not absolute within the meaning of the law, because such a power includes a power of disposal by will. (*Terry* v. *Wiggins*, 47 N. Y., 516.) And we do not think the testatrix intended to give her husband such an absolute power of disposition as to bring the case within the rule which would avoid the limitation over to the orphans. The language of the gift is, "to his own proper use, benefit and advantage during his natural life, meaning and intending that out of the said estate, its income, substance, profits and avails, by said husband shall derive his support, in whole or in part, accordingly as said estate may be made available, and my said husband may determine, but it is my desire that so much of said estate or its profits and avails as my said husband shall die seized or possessed of shall be so left, secured and disposed of as to be devoted to the support and education of orphaned children in such way and manner as in his judgment may best conserve this object."

Then there is an unqualified power of sale bestowed upon the executor to enable him to apply the avails and substance of the estate, so far as may be necessary, to his support, and the use of the same is restricted by the following proviso : "Provided that if any portion thereof (meaning the estate), its avails in moneys or valuables, be used by my said husband, such use shall be restricted to his personal wants and necessities in providing for his support and livelihood."

The power of sale so conferred is conditional and bestowed for the purpose of securing to the husband the benefit of the property for his "personal wants and necessities in providing for his support and livelihood," and does not operate to enlarge the estate into a fee.

The broad and comprehensive provision of section 85 (p. 733) that "every power of disposition shall be deemed absolute by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit," can have no operation here, because, as we have seen, the testatrix did not intend to confer upon her husband an absolute power of disposition, inasmuch as the purposes for which such disposition might be made were limited to the purposes defined and specified in the will. The power could only be exerted by the husband by a conveyance which should take effect during his life-time, according to the general scope and design of the will. Neither does section 81 of the statute apply to this case, because here the power of disposition was accompanied and restricted by a trust, and it is immaterial whether such trust was valid or void. (*Flanagan* v. *Flanagan*, 8 Abb. N. C., 413.)

After a careful examination, our conclusion is that the will in question gave the donee for life a right to dispose of the property in any manner in his lifetime except by will, and did not, therefore, clothe him with the absolute power of disposition, and did not, therefore, render the gift over repugnant and void. That it conferred on him the right to use all the property for the purposes specified therein, even to its entire absorption during his lifetime, and that any possible remainder at the death of the husband went to the orphans, if the limitation over was valid, or to the heirs of the testatrix if it was void. These conclusions are justified in our view by the following authorities : *Flanagan* v. *Flanagan* (8 Abb. N. C., 414); *Smith* v. *Bell* (6 Pet., 68); *Terry* v. *Wiggins* (47 N. Y., 512; *S. C.*, 2 Lans., 272); *Jackson* v. *Robins* (16 Johns., 587); *Norris* v. *Beyea* (13 N. Y., 273); *Colt* v. *Heard* (10 Hun, 190); *Trustees, etc.* v. *Kellogg* (16 N. Y., 83).

If the foregoing views are correct, the plaintiff took nothing by his conveyance, and the defendant Almira F. Hatch became vested with a good title to the premises by the conveyance to her.

The judgment should be affirmed, with costs.

PRATT, J., concurred in result ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.