10-789-cv
Barreto v. Doe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand twelve.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges,*
>
> STEFAN R. UNDERHILL,$^{*}$-
> > *District Judge.*

_____

Juarez F. Barreto,
> *Plaintiff-Appellant,*

-v.-                                              10-789-cv

The County of Suffolk,
> *Defendant-Appellee,*

John Doe, Jane Doe, Melissa L. Eggers, individually and in official capacity as Suffolk County Assistant District Attorney, The County of Suffolk Office of the District Attorney,
> *Defendants.*

---

$^{*}$Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

_____

FOR APPELLANT:     Juarez F. Barreto, *pro se*, Ogdensburg, New York.

FOR APPELLEE:      Brian C. Mitchell, Assistant County Attorney, Suffolk County Department of Law, Hauppauge, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the district court is **AFFIRMED**. We **VACATE** a portion of the district court's order.

Appellant Juarez F. Barreto, *pro se*, appeals from the district court's January 20, 2010 order *sua sponte* dismissing his amended complaint, in which he brought claims pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In addition, district courts must liberally construe *pro se* complaints. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

We find no error in the district court's holding that Appellant failed to raise a plausible claim of municipal liability against the County of Suffolk because Appellant failed to demonstrate either a viable constitutional violation or that such violation occurred pursuant to a county policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To the extent that Appellant's notice of appeal can be construed as also appealing from the October 17, 2009 district court order dismissing the claims in the original complaint against the other defendants, Appellant has waived any argument that the district court erred in dismissing those claims, including the claims

3

against the unnamed assistant district attorney who appeared at a May 2009 hearing regarding Appellant's motion for a reduction in bail. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Even if we were to reach those claims, we would find them without merit. The defendants were entitled to prosecutorial immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), or, in the case of the Suffolk County District Attorney's Office, was not an entity capable of being sued, *see Ying Jing Gan v. City of New York*, 996 F.2d 522, 535-36 (2d Cir. 1993).

We do, however, vacate that portion of the district court's January 20, 2009 order which purports to impose a "third strike" pursuant to 28 U.S.C. § 1915(g), to bar Appellant from bringing a civil action or proceeding unless he is under imminent danger of serious physical injury, and to notify Appellant that his future attempts to commence civil actions that do not comply with § 1915(g) will be rejected without consideration. First, district courts should not impose strikes in their dismissal orders. *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam). Instead, they should set forth the reasons for their

4

dismissal to assist the court charged with making the 28 U.S.C. § 1915(g) determination-i.e., the court faced with a defendant's argument that the plaintiff cannot maintain an action *in forma pauperis* because he has three strikes. *See Deleon*, 361 F.3d at 95; *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999). Second, § 1915(g), by its terms, only prevents a plaintiff who has accumulated three strikes from proceeding *in forma pauperis*; it does not provide, as the district court's language might be read to suggest, for the automatic dismissal of any future civil action the plaintiff might bring.

We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, and a portion of the district court's order is **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5