16-3530-cv
Li v. Lorenzo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT: DENNIS JACOBS,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
Circuit Judges.

_____

Feng Li,

Plaintiff-Appellant,

v.                                         16-3530

Faith Lorenzo, sued in her individual capacity
& in her official capacity as deputy chief
of counsel to Grievance Committee for the
Ninth Judicial District, Gary Casella, sued in
his individual capacity & in his official capacity
as Chief Counsel to Grievance Committee for the
Ninth Judicial District, John Doe, employed at the

1

**Court of Appeals or employed at the Second Department,
Jane Roe, employed at the Court of Appeals or
employed at the Second Department,**

**Defendants-Appellees.**

_____

**FOR PLAINTIFF-APPELLANT:**    Feng Li, <u>pro se</u>, New York, NY.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Feng Li, an attorney proceeding <u>pro se</u>, sued two attorneys employed by the attorney grievance committee for the Ninth Judicial District of New York under 42 U.S.C. § 1983 and state law. The district court dismissed the action <u>sua sponte</u> based on Eleventh Amendment immunity and res judicata. Li now appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the <u>sua sponte</u> dismissal of a complaint <u>de novo</u>. <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Although "a court is ordinarily obligated to afford special solicitude to <u>pro se</u> litigants," "a lawyer representing himself ordinarily receives no such solicitude at all." <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101–02 (2d Cir. 2010).

## I. Eleventh Amendment Immunity

The district court correctly dismissed Li's claims for money damages against the defendants in their official capacities. The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity. <u>CSX Transp., Inc. v. N.Y.</u>

State Office of Real Prop. Servs., 306 F.3d 87, 94–95 (2d Cir. 2002).  This includes suits against state officials in their official capacities.  Davis v. New York, 316 F.3d 93, 101–02 (2d Cir. 2002).  New York has not waived its immunity, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977), nor has Congress abrogated it, see Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990).  Accordingly, the Eleventh Amendment bars Li's claims against defendants in their official capacities, and these claims were properly dismissed for lack of jurisdiction.

## II.  Absolute Immunity

Claims against the defendants in their *individual* capacities remain. Although the district court determined that Li's claims were barred by res judicata, we need not consider that matter here.

Absolute immunity is generally extended to those officials "who perform functions closely associated with the judicial process . . . [including] prosecutors, administrative law judges and hearing examiners, grand jurors and witnesses in judicial proceedings."  Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (citation and quotation omitted).  Moreover, "officials performing certain functions *analogous* to those of a prosecutor should be able to claim absolute immunity with respect to such acts."  Butz v. Economou, 438 U.S. 478, 515 (1978) (emphasis added).  "[W]e employ a functional approach, and look to whether the actions taken by the official are functionally comparable to that of . . . a prosecutor."  DiBlasio v. Novello, 344 F.3d 292, 297 (2d Cir. 2003) (citations and quotations omitted).

The defendants here held roles functionally comparable to that of a prosecutor.  Li asserted claims against two attorneys employed by the Ninth Judicial District Attorney Grievance Committee who litigated disciplinary charges against him.  In New York, the Appellate Divisions are charged with enforcing attorney discipline for violations of New York rules of professional conduct.  N.Y. Jud. Law. § 90(2).  The Appellate Divisions establish grievance committees to handle attorney

3

discipline and appoint chief attorneys and other staff to the grievance committees as needed.  22 N.Y.C.R.R. §§ 1240.4, 1240.50.  The chief attorney investigates and prosecutes misconduct complaints before the committees.  Id. § 1240.7. If the committee determines that the evidence supports public discipline, such as suspension, the committee prosecutes the misconduct allegations in a formal hearing before the relevant Appellate Division.  Id. § 1240.8.  By prosecuting the grievance complaint against Li, the defendants were acting in their capacity as counsel to the grievance committee, and are entitled to prosecutorial immunity from suit.

## III. Injunctive or Declaratory Relief

Finally, while the district court did not discuss Li's requests for declaratory and injunctive relief, it correctly dismissed those claims as well.  If a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," then such injunctive or declaratory relief is not barred by immunity.  See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002); In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law.") (citations and quotation marks omitted); Ward v. Thomas, 207 F.3d 114, 120 (2d Cir. 2000); Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) ("[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."); Shmueli v. City of New York, 424 F.3d 231, 239 (2d Cir. 2005) (applying Pulliam to prosecutorial immunity and reversing and remanding on claims for injunctive and declaratory relief).  Li's disciplinary proceedings have ended, however, and he alleged injuries stemming only from past conduct with no plausible threat of future violations.  The relief Li seeks is therefore not prospective.  Further, even if a declaration stating that the disciplinary committee must obey state court orders was prospective in nature, the Eleventh Amendment would bar the district court from issuing it.  "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State

4

that is protected by the Eleventh Amendment." <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 121 (1984). Accordingly, the district court properly dismissed Li's claims seeking injunctive or declaratory relief.

We have considered all of Li's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5