24-1066-cv
*Salis v. DoPico*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

OWOLABI SALIS,

> *Plaintiff-Appellant*,

v.                                                             24-1066-cv

JORGE DOPICO, KEVIN J. DOYLE, DONALD ZOLIN, LETITIA JAMES, THE ATTORNEY GENERAL, STATE OF NEW YORK, NEW YORK STATE BAR ASSOCIATION, PAMELA J. BONDI, UNITED STATES ATTORNEY GENERAL, THE UNITED STATES ATTORNEY GENERAL, THOMSON REUTERS, ERIC GONZALEZ, NEW YORK STATE KINGS COUNTY DISTRICT ATTORNEY,

*Defendants-Appellees.*[*]

_____

FOR PLAINTIFF-APPELLANT:                  Owolabi Salis, *pro se*, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:         Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, and David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, New York, New York, *for* Defendant-Appellees Jorge Dopico, Kevin J. Doyle, Donald Zolin, and Letitia James, Attorney General for the State of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 27, 2024, is **AFFIRMED**.

Owolabi Salis, proceeding *pro se*, appeals from the district court's dismissal of his amended complaint. In March 2023, Salis filed an amended complaint against Jorge Dopico, Chief Attorney for the First Judicial Department Grievance Committee (the "Committee"); Kevin Doyle, Committee Counsel at Salis's Committee disciplinary proceeding; Donald Zolin, Referee at Salis's Committee disciplinary proceeding; Letitia James, the New York Attorney General ("NYAG"); Merrick B. Garland, the former United States Attorney General ("USAG"); the Kings County District Attorney ("KCDA"); Thomson Reuters ("Reuters"); and the New York State Bar

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela J. Bondi is automatically substituted for former Attorney General Merrick B. Garland.

2

Association ("NYSBA"), claiming violations of his constitutional rights, arising from his Committee disciplinary proceeding and subsequent disbarment, and invoking 42 U.S.C. § 1983. Salis sued the defendants in their official capacities, except for Dopico, Doyle, and Zolin (collectively, the "Committee defendants"), who were sued in both their official and individual capacities.

Each defendant moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), except for NYSBA, which was not served by Salis. The NYAG and Committee defendants also moved to dismiss under Rule 12(b)(1), arguing that they were entitled to sovereign immunity against Salis's claims against them in their official capacities.

The district court dismissed Salis's amended complaint, with prejudice as to the KCDA and Reuters, and without prejudice as to the NYAG, USAG, NYSBA, and Committee defendants. *See generally Salis v. Dopico*, No. 23-CV-1816 (AMD) (JRC), 2024 WL 1282476 (E.D.N.Y. Mar. 26, 2024). In particular, the district court concluded that it lacked subject-matter jurisdiction over Salis's claims against the NYAG, USAG, and Committee defendants in their official capacities because they were entitled to sovereign immunity, and that Salis failed to state a claim against the Committee defendants in their individual capacities because they were entitled to absolute immunity. *Id.* at \*4–5. The district court also dismissed Salis's claims against KCDA and Reuters because Salis failed to allege their personal involvement in the underlying events. *Id*. at \*5–6. In addition, the district court dismissed the claims against the NYSBA because Salis did not serve the organization. *Id.* at \*9. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, Salis is not entitled to any special solicitude as a *pro se* litigant because he is a recently disbarred attorney. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A]

3

lawyer representing himself ordinarily receives no . . . solicitude at all."). Turning to the merits, we review *de novo* a district court's dismissal on grounds of sovereign immunity and absolute immunity. *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 (2d Cir. 2004) (per curiam) (sovereign immunity); *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (absolute immunity). We also "review a dismissal for failure to state a claim *de novo*." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

First, the district court correctly determined that the USAG, NYAG, and Committee defendants were entitled to sovereign immunity against Salis's claims against them in their official capacities. With respect to the USAG, "[i]t is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities." *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Moreover, "[Section] 1983 and its jurisdictional counterpart . . . have no applicability to federal action." *Weise v. Syracuse Univ.*, 522 F.2d 397, 404 (2d Cir. 1975) (citation omitted). Accordingly, the United States has not waived its sovereign immunity against Section 1983 claims.

With respect to the NYAG and Committee defendants, "in a suit against state officials in their official capacities, monetary relief . . . is generally barred by the Eleventh Amendment." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009). State sovereign immunity was not abrogated by Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 340–42 (1979), and New York has not consented to Section 1983 suits in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977).

4

Second, the district court properly dismissed Salis's claims against the Committee defendants in their individual capacities because they were each entitled to quasi-judicial or prosecutorial immunity. "[A] proceeding before [an attorney grievance] committee constitutes a judicial proceeding" because the committee "acts as a quasi-judicial body." *Anonymous v. Ass'n of the Bar of City of N.Y.*, 515 F.2d 427, 433 (2d Cir. 1975) (internal quotation marks omitted). Thus, Zolin was entitled to quasi-judicial immunity for his role as referee at the grievance committee hearing. Moreover, Dopico and Doyle, in their respective roles as chief attorney to the Committee and Committee counsel at Salis's disciplinary proceeding, were entitled to prosecutorial immunity because their actions were "functionally comparable to that of . . . a prosecutor." *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Li v. Lorenzo*, 712 F. App'x 21, 23 (2d Cir. 2017) (summary order) (extending prosecutorial immunity to two attorneys employed by grievance committee to litigate the disciplinary charges); *Finn v. Anderson*, 592 F. App'x 16, 18–19 (2d Cir. 2014) (summary order) ("This Court has consistently extended such 'quasijudicial' immunity to investigators with attorney grievance committees.") (collecting cases).

Finally, the KCDA was properly dismissed as a defendant because Salis failed to state a claim against the Office of the KCDA, or any of its employees.[2] Instead, the amended complaint

---

[2] It is not clear to this Court whether Salis intended to name the Office of the KCDA or the District Attorney, Eric Gonzalez, as a party to this action. However, that ambiguity does not impact our conclusion. As the district court correctly determined, the Kings County District Attorney's Office is "not an entity capable of being sued." *Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (summary order). Moreover, any allegations against the KCDA fail, as "the complaint is entirely devoid of any allegations of [his] personal involvement." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987); *see Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (alteration omitted) (internal quotations and citation omitted)).

names the KCDA as a defendant in the caption but fails to include any allegations that indicate how the KCDA violated the law or injured Salis.  *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) ("[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.").  We further conclude that Salis's argument that the KCDA was a necessary party under Federal Rule of Civil Procedure 19 was frivolous.[3]

*          *          *

We have considered Salis's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  The pending motions for summary affirmance are **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Salis has abandoned any arguments concerning the dismissal of his claims against Reuters or NYSBA by failing to raise them in his brief.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).