25-397
*Ryder v. Czajka*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

JOSHUA RYDER,

        *Plaintiff-Appellant*,

        v.                   No. 25-397

PAUL CZAJKA, Columbia County District Attorney; RYAN CARTY, Columbia County Assistant District Attorney; THE OFFICE OF THE DISTRICT ATTORNEY OF COLUMBIA COUNTY; JASON C. FINN, Hudson Police Detective Sergeant; MICHAEL J. BURNS, New

York State Police Investigator; BRENNAN KEELER, New York State Trooper; DAVID JIMENEZ, New York State Police Senior Investigator; SEAN TASHJIAN, New York State Police Investigator; JOHN DOES #1-10; COUNTY OF COLUMBIA,,

*Defendants-Appellees.**

| | |
|---|---|
| **For Plaintiff-Appellant:** | Leo Glickman, Stoll, Glickman & Bellina, LLP, Brooklyn, NY. |
| **For Defendants-Appellees Michael J. Burns, Brennan Keeler, David Jimenez, Sean Tashjian:** | Frank Brady, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY. |
| **For all other named Defendants-Appellees:** | Stephen M. Groudine, Murphy Burns Groudine LLP, Loudonville, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 4, 2025 judgment of the district court is **AFFIRMED**.

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Joshua Ryder, a former investigator for the Columbia County Department of Social Services, appeals from the district court's dismissal of his claims alleging civil rights violations against various state and county officials. In essence, Ryder contends that the defendants illegally wiretapped his communications, which ultimately resulted in his wrongful arrest, prosecution, and termination from his employment. As relevant here, the district court dismissed (i) all of Ryder's claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (ii) all of Ryder's claims against the State Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v.*

---

[1] Because Ryder has not discussed his claims against the unnamed John Doe defendants in his opening brief, he has abandoned any claim against them on appeal. *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012) ("[I]ssues not raised in a party's opening brief are considered abandoned" (alterations adopted and internal quotation marks omitted)).

3

*Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And under this standard, we are free to "affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014).

## I. Ryder's Claims Against the Columbia County Officials Are Barred by the Terms of His Settlement Agreement with the County.

The district court properly dismissed Ryder's claims against the Columbia County District Attorney's Office, District Attorney Paul Czajka, Assistant District Attorney Ryan Carty, and the County itself because they are barred by the settlement agreement that Ryder entered into with Columbia County on November 17, 2022. *See* App'x at 103–11. That agreement released the County and, as relevant here, its "officials, department heads, [and] employees . . . from all actions, causes of action, [and] suits," including without limitation those arising from "violation[s] of the New York and U.S. Constitution . . . and any other Federal, State or local regulation . . . arising out of [Ryder's] employment by the County." *Id.* at 109.

4

The settlement agreement thus shields all of the County's employees from liability. And we typically treat New York district attorneys as "official[s]" of the *counties* to which they are assigned – unless they are actively prosecuting a crime, in which case they act on behalf of the state. *Compare Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988), *with Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993), *and Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992); *see also Johnson v. Kings Cnty. Dist. Attorney's Off.*, 763 N.Y.S.2d 635, 648 (2d Dep't 2003). Here, Ryder does not contend that Czajka and Carty disclosed his intercepted communications as part of a criminal prosecution against him. *See* App'x at 81–82. Instead, he alleges that they did so in an effort to cause his termination from government employment. *See id.* at 81 ("Paul Czajka and Ryan Carty willfully disclosed . . . eavesdropped recordings of communications between Joshua Ryder and others to prohibited recipients with the intent to adversely affect Ryder's employment with the County."). Consequently, the conduct of Czajka and Carty must be viewed as actions undertaken in their capacity as county (rather than state) officials, which in turn brings them within the ambit of the settlement agreement's release of all claims against the County and its "officials." *Id.* at 109; *see also Ying Jing Gan*, 996 F.2d at 536. And because Ryder's claim against the

5

Columbia County District Attorney's Office for violations of the Federal Wiretap Act ("FWA") relies exclusively on the alleged conduct of Czajka and Carty, it fails for the same reason, as does his standalone FWA claim against Columbia County itself.[2]

Ryder's tortious interference claim against the Columbia County District Attorney's Office, Czajka, and Carty is also barred by the settlement agreement's release of all claims, including "contract tort" claims, against the County and its "officials." App'x at 109. Once again, Ryder does not allege that Czajka and Carty (or the Office for which they worked) tortiously interfered with his employment contract as part of prosecuting him for a crime. Instead, he alleges that they did so as part of a campaign of "retribution for his 'lack of cooperation' in [their] . . . investigation." App'x at 84; *see also* Ryder Br. at 22. Consequently, these alleged acts arose out of Ryder's employment, and both Carty and Czajka acted in their capacity as county (rather than state) officials, *see Ying Jing Gan*, 996

---

[2] Ryder's claim against the District Attorney's Office also fails for the independent reason that New York District Attorneys' offices are not subject to suit under New York law because they have no legal existence separate from the District Attorney himself. *See* Fed. R. Civ. P. 17(b)(3); N.Y. Crim. Proc. Law § 1.20(32) (McKinney 2024) (defining "District attorney" to "mean[]" only natural persons such as "a district attorney, an assistant district attorney or a special district attorney."); *see also Barreto v. County of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (noting that "the Suffolk County District Attorney's Office" is "not an entity capable of being sued" (citing *Ying Jing Gan*, 996 F.2d at 535–36)).

F.2d at 536; *Johnson*, 763 N.Y.S.2d at 648, and are covered by the terms of the settlement agreement.

**II.    Ryder Has Failed to State a Claim Against the State and Local Officers.**

Ryder's remaining claims allege misconduct by officials of the New York State Police and Jason C. Finn, a Hudson Police Detective Sergeant.   But he has failed to allege facts that are sufficient "to state a claim to relief that is plausible on its face."   *Twombly*, 550 at 570.

Ryder brings a claim for false arrest and imprisonment under section 1983, which we have held incorporates "substantially the same [requirements] as claims for false arrest or malicious prosecution under state law."   *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks omitted).   Under New York law, such claims require a showing "that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent    to    the    confinement    and    (4) the    confinement    was    not otherwise privileged.'"   *Id.* at 134–35 (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)).   Because the parties "do not dispute that [Ryder] was, in fact, arrested," "the only question for us to consider is whether [Ryder]'s arrest was

privileged, or justified." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted).

New York's highest court has held that the existence of probable cause at the moment of arrest constitutes a complete defense to false-arrest claims and will thus "relieve the defendant of liability." *Broughton*, 37 N.Y.2d at 458. And while the burden of proving probable cause rests with the defendant officers, "evidence of a subsequent arraignment or indictment" works to provide "some proof of the presence of probable cause." *Id.* Ryder acknowledges that he was "charged with" violations of N.Y. Penal Law sections 105.05 and 265.11, *i.e.*, conspiracy in the fifth degree and criminal sale of a firearm in the third degree, App'x at 238, and that the District Attorney's Office maintained those charges against him for over a year before acquiescing to his motion to dismiss them in December 2022. *Id.*

Beyond the mere fact of the dismissal, Ryder alleges no facts to suggest that law enforcement officers lacked probable cause to arrest him for conspiracy and criminal sale of a firearm. *See Warren v. Byrne*, 699 F.2d 95, 98 (2d Cir. 1983) ("[F]avorable termination has no bearing whatever in and of itself on want of probable cause." (alteration adopted) (quoting *Kezer v. Dwelle-Kaiser Co.*, 225

N.Y.S. 722, 729 (4th Dep't 1927))). Indeed, at no point in his amended complaint – or in his briefing on appeal – does Ryder allege that his intercepted messages were anything but incriminating. *See* Ryder Br. at 30. Nor does Ryder allege that his arrest was warrantless. *See* App'x at 77–78, 82. In short, Ryder's conclusory allegations that his arrest was done without probable cause are not enough to state a claim for false arrest under Federal Rule of Civil Procedure 12(b)(6).

Ryder's second claim against the state and local officers alleges that they initiated a criminal prosecution against him through "the filing [of] false accusatory instruments." App'x at 82. To state a claim for malicious prosecution "under both [s]ection 1983 and New York State law," a plaintiff must allege facts suggesting "'that there was no probable cause for the proceeding.'" *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). But as with the false arrest and imprisonment claims, Ryder has failed to plead such facts here.

Finally, Ryder claims that the state and local officers denied him his right to a fair criminal trial when they fabricated evidence against him. To make out a fabricated-evidence claim capable of surviving a motion to dismiss, a plaintiff must allege "that an (1) investigating official (2) fabricated information (3) that is

9

likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023) (alterations adopted and internal quotation marks omitted). Ryder's amended complaint flunks the second requirement in that he does not allege *what* "information" was allegedly "fabricated" by the state and local officers. *Id.*; Reply Br. at 2; App'x at 83, 88–89.

Ryder's amended complaint states that the state and local officers:

> knowingly forwarded false information to prosecutors (verbally and in written reports)[] that Ryder attempted to purchase an illegal firearm with the intent to distribute it to a third party and further conspired with another to obtain an illegal firearm to distribute it to a third party and/or failed to intervene in such unconstitutional actions despite having the opportunity to do so.

App'x at 83. But Ryder's failure to plead with any specificity what information – either verbally or in written reports – the officers fabricated dooms his claim. For the first time in his reply brief, Ryder argues that the New York State Incident Report attached as the third exhibit to his amended complaint, App'x at 88–89, "further substantiated" his claims that the officers fabricated evidence. Reply Br. at 2. But the only information contained in that report is the citation to two New York criminal statutes, N.Y. Penal Law §§ 105.05; 265.11, which, standing alone, cannot constitute "fabricated information." *Barnes*, 68 F.4th at 128. Put simply,

10

such citations are not "evidence" capable of "influenc[ing] the decision to initiate prosecution," *id.* at 130, since they reflect only the officers' conclusions as to which laws Ryder may have violated and thus carry no factual or evidentiary weight. We therefore agree with the district court that Ryder has failed to plausibly state a fabricated-evidence claim and affirm the dismissal of the same under Federal Rule of Civil Procedure 12(b)(6).

\* \* \*

We have considered Ryder's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11